IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CHARLES WILLIAMS,

                Plaintiff,                Civil Action No.
                                              9:07-CV-0789 (DNH/DEP)

      vs.

ZUK, Deputy, Sheriff's Department, *et al.,*

                Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

CHARLES WILLIAMS, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

FOR DEFENDANTS:

HON. GORDON J. CUFF          KAREN ANN BLESKOSKI, ESQ.
ONONDAGA COUNTY ATTORNEY   Deputy County Attorney
421 Montgomery Street
10th Floor
Syracuse, New York 13202

DAVID E. PEEBLES
U.S. Magistrate Judge

## REPORT, RECOMMENDATION AND ORDER

      Plaintiff Charles Williams, a former Onondaga County jail inmate,

has commenced this action pursuant to 42 U.S.C. § 1983, alleging

deprivation of his civil rights. In his complaint, plaintiff claims that during the period of his incarceration, defendants subjected him to cruel and unusual punishment, including in the form of racial and sexual harassment.

Following the court's *sua sponte* dismissal of certain of plaintiff's causes of action, defendants moved seeking dismissal of plaintiff's surviving claims on the basis of the governing statute of limitations.  In a report issued in connection with the motion, I recommended a finding that plaintiff's action was untimely, and that the motion should therefore be granted.  By subsequent decision and order issued by the assigned district judge, the matter was remanded to me for reconsideration of the analysis leading to that conclusion, and additionally to address plaintiff's recent request that I recuse myself in the action.

Having carefully reviewed the matter in light of the authority cited by the district judge, I adhere to my initial recommendation that the court find this action is barred by the governing statute of limitations, and find no basis for my recusal.

I.    <u>BACKGROUND</u>[1]

---

[1]    In light of the procedural posture of this case, the following recitation is drawn principally from plaintiff's complaint, the contents of which have been accepted

The facts associated with analysis of plaintiff's limitations argument are neither complex nor controversial.  Plaintiff's claims are predicated upon events alleged by Williams to have taken place on July 31, 2004, including at the Onondaga County Justice Center, located in Syracuse, New York, and others occurring at the Onondaga County Correctional Facility in Jamesville, New York.  Amended Complaint (Dkt. No. 7) ¶¶ 1-6. This action was commenced by the plaintiff, who at the time was not a prison inmate and thus not entitled to the benefit of the prison mailbox rule, *see Jackson v. Broome County Corr. Facility*, 74 Fed. Appx. 550 (2d Cir. 2003) (unpublished disposition) (citing *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988)), on August 1, 2007, which was neither a weekend day nor a federal holiday.

II.   DISCUSSION

  A.   Statute of Limitations

Plaintiff's claims in this action are best based upon 42 U.S.C. § 1983.  In cases brought in New York, claims arising under that provision – which does not itself contain a prescribed limitation period – are governed

---

as true for purposes of the pending motion.  *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964).

by the three year statute of limitations which applies to personal injury

claims of an otherwise unspecified nature.  N.Y. Civil Practice Law &

Rules § 214(5); *see Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997)

(quoting *Owens v. Okure*, 488 U.S. 235, 251, 109 S.Ct. 573, 582 (1989));

*Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995); *Lugo v.

Senkowski*, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.)

(citations omitted).

While the issue of what limitation period to apply is dependent upon

the forum state's law, the determination of when a section 1983 cause of

action accrues is governed by federal law.  *Ormiston*, 117 F.3d at 71.

Such a claim is deemed to accrue when the plaintiff "knows or has reason

to know of the injury which is the basis of his [or her] action."  *Singleton v.

City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotations

and citation omitted), *cert. denied*, 450 U.S. 920, 101 S. Ct. 1368 (1981).

In this instance it is clear from plaintiff's complaint that all of the

occurrences forming the basis for his claims date back to July 31, 2004,

and there appears to be no basis to conclude that he was not aware as of

that date of the existence of a viable claim.

The method for computing time periods, including application of

4

controlling statutes of limitations, in actions pending in federal court is governed by Rule 6(a) of the Federal Rules of Civil Procedure. *United States v. Hurst,* 322 F.3d 1256, 1260 (10th Cir. 2003); *see also Day v. Morgenthau,* 909 F.2d 75, 78 (2d Cir. 1990).  Rule 6(a)(1) directs that when applying a prescribed time, the first day of the period is excluded, but the last day is included unless falling on a Saturday, Sunday, a legal holiday, or a day on which weather or other conditions make the clerk's office inaccessible.[2]  *See* Fed. R. Civ. P. 6(a)(1) and (3).  "Under [Rule 6(a)(1)], when a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act.  The anniversary date is the 'last day to file even when the intervening period includes the extra leap year day'".  *Hurst,* 322 F.3d at 1260 (citing *United States v. Marcello*, 212 F.3d 1005, 1010 (7th  Cir. 2000)); *Day*, 909 F.2d at 79.

Mathematically, this result is consistent with the dictates of Rule 6(a)(1).  To illustrate the point, I posit the following hypothetical.  Assume that a claim bearing a two week statute of limitations accrued on a

---

[2]        I have reviewed both weather reports from July 31, 2007 and the court's records, and find no basis to conclude that on that date weather conditions made the clerk's office inaccessible to the plaintiff.

5

Monday.  By operation of Rule 6(a)(1), the Monday of accrual would be excluded and the fourteen day limitation period would begin running on Tuesday (day one) and would end on the second Monday (day fourteen), and not on the following Tuesday, as some would argue.[3]

In remanding this matter the district court called to my attention the court's decision in *Mitchell v. Smith,* No. 06-0373-CG-M, 2008 WL 1774160 (S.D. Ala. Apr. 14, 2008).  In that action the court, applying Rule 6(a), determined that a complaint deemed filed on November 17, 2006, asserting claims accruing on November 16, 2004 and subject to a two year statute of limitations, was timely filed.  *Id.*  That case, however, represents a misapplication of Rule 6(a) and the logic employed in that decision, which has been neither followed nor cited elsewhere, has been expressly rejected, including in this circuit.  In *Day,* for example, the Second Circuit concluded that by operation of Rule 6(a) the governing three year statute of limitations expires on the anniversary date of accrual, and not, as the court held in *Mitchell,* on the following day.  *Day,* 909 F.2d at 79.

_____

[3]       A two week period was chosen for use in the example since the calculation of a one week limitation period would exclude intervening weekends and holidays.  *See* Fed. R. Civ. P. 6(a)(2).

6

Applying Rule 6(a), informed by *Day* and other similar decisions, and absent any basis upon which to find equitable tolling, I therefore conclude that plaintiff's complaint in this action, which was filed one day after that expiration date, is subject to dismissal.

### B.   Recusal

In objections filed following the issuance of my report plaintiff has requested that I be removed as the assigned magistrate judge in the case. Plaintiff's request is predicated on his "feeling" that because my report and resulting recommendation were not favorable to him, I am biased.  Plaintiff adds his view that because I reside within Onondaga County, where his claims arose, I cannot be fair and impartial in the case.

Requests for recusal of federal judges are governed by 28 U.S.C. §§ 144 and 455.  Under section 144 of the United States Code, a judge may be required to recuse himself or herself based on "personal bias or prejudice against [a party] or in favor of any adverse party."  28 U.S.C. § 144.  Section 455 warrants recusal "in any proceeding in which [a judge's] impartiality might be reasonably questioned,"  28 U.S.C. § 455(a), or where a judge has "a personal bias or prejudice concerning a party," 28 U.S.C. § 455(b)(1).  These two sections are complementary, and the

grounds for disqualification are the same under both statutes.  *Jemzura v. Publ. Serv. Comm'n*, 961 F. Supp. 406, 410 (N.D.N.Y. 1997) (McAvoy, C.J.) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333) (2d Cir. 1987)).

A party may request that a judge be recused from a case and another substituted in his or her stead by filing an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists."  28 U.S.C. § 144.  Whether an appearance of impartiality exists is an objective question "based on what a reasonable person knowing all the facts would conclude."  *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003).  The Supreme Court has emphasized that where grounds for recusal are comprised of "judicial rulings [and] routine trial administration efforts," recusal is generally not warranted, absent proof that those rulings either "relied upon knowledge acquired outside such proceedings [or] displayed deep-seated and unequivocal antagonism that would render fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 556, 114 S. Ct. 1147, 1158 (1994); *see also Kampfer v. Gokey*, 955 F. Supp. 167, 170 (N.D.N.Y. 1997) (Scullin, J.).

I have reviewed plaintiff's allegations of bias.  It appears that

plaintiff's quarrel centers principally upon his disagreement with my rulings in his case.  Such disagreement, standing alone, does not afford a basis for recusal.  *United States v. IBM Corp.*, 618 F.2d 923, 929 (2d Cir. 1980); *see also Mirra v. United States*, 379 F.2d 782, 787-88 (2d Cir. 1967).  The additional fact that I reside in the county in which the relevant events giving rise to his claims occurred, resulting in his apparent speculation that the county's tax rates may ultimately be adversely affected by any ruling favorable toward the plaintiff, likewise does not establish a sufficient basis for recusal.  *See Draper v. Reynolds*, 369 F.3d 1270, 1281 n.17 (11th Cir. 2004) (noting that judge's general interest as a resident, taxpayer, and property owner in county did not require recusal, particularly where the county was not a party to the action).[4]

While I sense the plaintiff's frustration with my recommendation concerning the timeliness of his claims, that single adverse ruling does not demonstrate "a deep-seated favoritism or antagonism" toward one side or the other such that my impartiality could reasonably be questioned in this action.  *Liteky,* 510 U.S. at 556, 114 S. Ct. at 1158.  Accordingly, having reviewed the matter carefully, and finding no basis to question my fairness

---

[4]      While Onondaga County at the time was a named defendant, plaintiff's claims against the County have been dismissed.  *See* Dkt. No. 8.

or impartiality in this matter, I decline plaintiff's invitation to recuse myself in the matter.

III.    SUMMARY AND RECOMMENDATION

Under well-established case law addressing the manner in which statutes of limitations should be applied in an action such as this, plaintiff's complaint, filed on August 1, 2007, which is neither a weekday nor a holiday, asserting claims with a three-year statute of limitations accruing on July 31, 2004, was untimely.  Accordingly, discerning no basis to find that tolling, equitable or otherwise, should apply, I respectfully reaffirm my initial recommendation that this action be dismissed on this basis. Additionally, having reviewed the subsequently filed application for my recusal, but perceiving no basis to conclude that my fairness and impartiality in this matter could be called into question, I deny plaintiff's application that I recuse myself.  Based upon the foregoing, it is hereby respectfully

ORDERED, that plaintiff's request that I recuse myself in connection with the action (Dkt. No. 25) is DENIED; and it is further

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 16) be GRANTED, and that plaintiff's complaint in this action be DISMISSED

in all respects, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993); and it is further

It is hereby ORDERED that the clerk of the court serve a copy of this Report, Recommendation and Order upon the parties in accordance with this court's local rules.


Dated:      January 22, 2009
            Syracuse, NY



David E. Peebles
U.S. Magistrate Judge

11